# UNITED STATES DISTRICT COURT
for the
Southern District of Texas
Houston Division

|  |  |  |
|---|---|---|
| LATONYA T. WRIGHT<br>*Plaintiff*<br><br>-v-<br><br>LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE (SOUTHERN AREA)<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>Jury Trial:   [X] Yes  [ ] No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.    The Parties to This Complaint**

    **A.    The Plaintiff**

| Name | Latonya T. Wright |
|---|---|
| Street Address | 3438 Shockley Lane |
| City and County | Iowa Colony, Brazoria County |
| State and Zip Code | Texas  77583 |
| Telephone Number | (281) 450-3930 |
| Email Address | tdub800@gmail.com |

    **B.    The Defendant**

| Name | Louis DeJoy, Postmaster General<br>United States Postal Service (Southern Area) |
|---|---|
| Street Address | 2101 Wilson Boulevard, Suite 600 |
| City and County | Arlington, Arlington County |
| State and Zip Code | Virginia 22201-3078 |
| Telephone Number |  |
| Email Address |  |

    **C.    Place of Employment**

        The address at which I was employed by the defendant is

| Name | Friendswood Post Office |
|---|---|

1

|  |  |
|---|---|
| Street Address | 310 Morningside Drive |
| City and County | Friendswood, Galveston or Harris County |
| State and Zip | Texas 77546 |
| Telephone Number | (281) 992-2832 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to

[X] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

## III. Statement of Claim

Plaintiff Latonya Wright was employed by the U.S. Postal Service in Houston, Texas as a Supervisor of Customer Service in the Friendswood Post Office in Friendswood, Texas. While conducting her duties as a supervisor, she came into conflict with a subordinate employee who threatened to commit physical violence to Plaintiff if she came into the area where the employee worked and which Plaintiff supervised. Plaintiff reported the matter to her manager and requested to be transferred to another post office station to be away from the belligerent subordinate employee. The manager refused to request Plaintiff's transfer to another postal station or the transfer of the belligerent employee. Plaintiff made her concerns and transfer request to the Houston area Postmaster and the Postal Service Human Relations department. The Houston area Postmaster and Human Relations department refused to transfer Plaintiff or her belligerent employee to separate post office locations. When Plaintiff recognized that the Postal Service was not going to protect her from the hostile work environment, for her safety and peace of mind, Plaintiff resigned from her employment with the Postal Service.

    A.    The discriminatory conduct of which Plaintiff complains in this action includes:

        [X]    Creation of a hostile work environment to which Plaintiff was subject.

      [X]    Constructive termination of Plaintiff's employment by continuing to maintain the hostile work environment.

      [X]    Retaliation.

**B.**    In Plaintiff's best recollection the alleged discriminatory acts occurred on dates May 1, 2015 through September 16, 2016.

**C.**    Plaintiff believes that defendant ceased committing these acts against Plaintiff after her constructive termination of employment with the Postal Service.

**D.**    Defendant's discriminated against plaintiff are based on plaintiff's:

      **[X]**    race, African American

      **[X]**    color, brown/black

**E.**    The facts of plaintiff's case are as follows:

    1.    Latonya Wright, plaintiff, is a member of the African American race and she is of a brown/black color.

    2.    Wright was subjected to harassment, insubordination and threats of violence against Wright's person if she gave instructions to the threatening employee subordinate or came anywhere near the area in which the employee was performing her Postal Service duties. The belligerent employee is Hispanic.

    3.    Wright complained to her manager, a Hispanic, the belligerent employees actions and threats against Wright. Wright asked to be transferred to a postal station away from the belligerent subordinate. Wright's manager refused to transfer Wright or the belligerent subordinate.

    4.    Wright escalated her concerns about the hostile work environment to the Houston area Postmaster and the Houston area Human Relation's office. In her report, Wright requested to be transferred to a post office away from the hostile employee. The Houston area Postmaster and Human Relations Office did not honor Wright's transfer request.

    5.    Wright's harassment complained of was based on Wright's protected status based on race and the further lack of support from her Hispanic manager based upon retaliation against Wright for prior EEO activity by Wright against her manager.

    6.    The harassment from Wright's Hispanic subordinate and the lack of support from Wright's Hispanic manager as well as the Houston area Postmaster and Human Relations department, had the purpose or effect of unreasonably interfering with Wright's work environment and/or creating an intimidating, hostile, and/or offensive work environment.

    7.    The U.S. Postal Service bears liability for the creation, maintenance and failure to remedy the hostile work environment in which it placed Wright.

## IV.  Exhaustion of Federal Administrative Remedies

    A.    To plaintiff's best recollection, she filed a charge with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct on  July 6, 2015  .

    B.    The Equal Employment Opportunity Commission held an evidentiary hearing concerning plaintiff's complaint and the EEOC Administrative Law Judge issued a written decision finding that the Postal Service discriminated against plaintiff by

creating a hostile work environment based on race, color and retaliation. The ALJ ordered the Postal Service to pay non-pecuniary compensation to plaintiff along with other remedial actions. The Postal Service refused to follow the ALJ decision and appealed the matter to the EEOC Office of Federal Operations ("OFO"). On appeal, the OFO sustained the ALJ's decision and ordered the Postal Service to make payment to plaintiff within sixty (60) days of the September 17, 2020 appellate decision. As of the filing of this petition on the eight-fifth (85th) day following the issuance of the OFO decision, the Postal Service has failed to implement the OFO decision and/or make any payment to plaintiff. The OFO September 17, 2020 decision gives plaintiff the right to file a civil action in the United States District Court on or before December 16, 2020 (i.e. 90 days from plaintiff's receipt of the OFO decision).

V.   **Relief**

Wright seeks the remedies of reinstatement to employment with the Postal Service in the Houston, Texas area in the position of Customer Service Supervisor, EAS Level 17, back pay to the date of plaintiff's constructive termination of employment with the Postal Service, $60,000 in non-pecuniary damages plus as ordered by the ALJ and the OFO in the EEOC case below, costs and attorney's fees from the filing of the EEOC complaint, through the OFO appeal and through the prosecution of this petition through this Court and the appeal of this Court's decision if necessary.

VI.   **Certification and Closing**

I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by non-frivolous

argument extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing:  _12/11/2020__

                                    __*/S/ McKen V. Carrington*_____
                                    McKen V. Carrington
                                    SBN: 24034797
                                    8803 Lady Laura Lane
                                    Richmond, Texas 77469
                                    mcarrington002@comcast.net
                                    Telephone: (713) 806-6394
                                    Facsimile:   (281) 343-9446